OPINION
Appellant, Bryant D. Smith, appeals the July 22, 1999 judgment entry of the domestic relations division of the Lake County Court of Common Pleas setting his child support obligation at $3,106.08 annually.
Appellant and appellee, Faith M. Smith, divorced on April 24, 1996. They had two children, Nicole, who was born on October 5, 1991, and Neill, who was born on November 5, 1993. At the time of their divorce, the parties agreed to a shared parenting plan, which set appellant's child support obligation at $121 per month per child plus a processing charge.
On October 1, 1998, appellee filed a motion to modify appellant's child support obligation and a motion to modify the shared parenting plan. Subsequent to the filing of those motions, the parties entered into a modified shared parenting plan. The motion to modify child support, however, was referred to a magistrate.
In his May 18, 1999 decision, the magistrate noted that a change of circumstance had occurred; therefore, a modification of the shared parenting plan was appropriate. He then applied this court's holding inLuke v. Luke (Feb. 20, 1998), Lake County App. No. 97-L-044, unreported, 1998 WL 172813, and offset appellant's child support obligation against appellee's child support obligation. Subsequent to the offset, appellant's child support obligation would have been $12.48 per month.[1] He then determined that this amount was insufficient and ordered a deviation, thereby increasing appellant's child support obligation to $129.42, per child, per month. The magistrate's rationale for the deviation was that "[s]ince the calculation under Luke * * * clearly creates an unjust and inequitable result, the mother should receive a deviation for the amount of time the children spend with her."[2]
Appellant filed objections to the magistrate's decision on May 26, 1999. The trial court heard the objections on June 17, 1999, and upheld the magistrate's decision, but rejected his reasoning.[3] Instead of relying upon the amount of time appellee spends with her children, the trial court noted in its July 22, 1999 judgment entry that pursuant to R.C. 3113.215(B)(3)(g), a deviation from a parent's statutory child support obligation is permitted if there is a disparity between the parties' incomes or household incomes.
Appellant has filed a timely appeal and makes the following assignment of error:
 "[1.] The trial court erred in deviating from the calculation directed by [Luke]. The basis for the deviation, `[* * *] the disparity of household income between the two (2) parents [* * *]', was previously compensated in the child support computation. A second deviation for that factor, without additional facts upon which it may be based, constitutes an abuse of the court's discretion and is against the manifest weight of the evidence."
Appellant contends that the trial court did not have authority to deviate from the child support guideline worksheet set forth at R.C.3113.215(E) (the "worksheet"), without making factual findings based upon evidential intake that the worksheet amount would not be in the best interests of the children.
R.C. 3113.215(B)(6)(a) is the appropriate statutory authority for computing child support payments under a shared parenting order. Paulyv. Pauly (1997), 80 Ohio St.3d 386, 387-388. R.C. 3113.215(B)(6)(a) states in part:
 "If the court issues a shared parenting order * * *, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, through line 24 * * *."
Pursuant to R.C. 3113.215(B)(3)(g), one of the factors that the court may consider in determining whether the amount of child support awarded pursuant to the worksheet is appropriate and in the best interest of the of the child is disparity in income between households. In addition, R.C. 3113.215(B)(2)(c) provides that:
 "[t]he court shall not order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet * * * unless both of the following apply:
 The court, after considering the factors and criteria set forth in division (B)(3) of this section, determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child;
 The court enters in the journal the amount of child support calculated pursuant to the basic child schedule and pursuant to the applicable worksheet * * *, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
In Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph three of the syllabus, the Supreme Court of Ohio held that "[a]ny court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." In making its determination to deviate from the statutory guidelines in setting appellant's child support obligations, the trial court made note of the following facts:
 If the trial court followed the statutory guidelines and then applied this court's holding in Luke, appellant's annual child support obligation would have been $300.09.
 Appellant's adjusted annual gross income was $39,200 and appellee's adjusted gross income was $25,158.79.
 If appellant's income were decreased by his $300.09 annual child support obligation and the $3000 he pays annually for daycare, he would be left with a household income of $35,899.91.
 Adding the $300.09 of appellant's child support obligation to appellee's income would give her a household income of $25,458.88.
 The resulting disparity in household incomes would be $10,440.
 However, if the deviation recommended by the magistrate were adopted, appellant's annual child support obligation would be increased to $3,106.08, and the disparity in household incomes would be reduced to slightly less than $5,000.
The trial court concluded that "[u]sing these calculations, the disparity in household incomes is significantly shrunk, and as a result the children who spend fifty percent (50%) of their time with each parent, will be able to enjoy households with each of their parents of comparable economic status."
While we agree with appellant's contention that the disparity in household income between the two parents is, at least to some extent, compensated for in the computation of a parent's child support obligation, R.C. 3113.215(B)(3)(g) clearly allows for a deviation from the worksheet on the basis of such disparity. In view of the fact that more often than not, there will be a disparity in household incomes in child support cases, the potential for trial courts to abuse R.C.3113.215(B)(3)(g) as a means of deviating from the statutory guidelines for computing a parent's child support obligation may be a concern in certain cases.
However, the standard of review in a domestic relations case is "abuse of discretion." Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id. In the case at hand, the trial court made a factual determination that a disparity in incomes existed between the two parties' households. This determination was based upon facts to which the two parties stipulated. The trial court then relied upon R.C.3113.215(B)(3)(g) as statutory support for a deviation of appellant's child support obligations as determined by the worksheet. The trial court then reached the legal conclusion that it was unjust and/or inappropriate and not in the children's best interest to set appellant's child support obligation at the level mandated by the worksheet. Therefore, it does not appear that the trial court abused its discretion in deviating from the worksheet, and appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 _______________________________ DONALD R. FORD, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.
[1] The magistrate resolved the issue of the amount of child support owed by appellant based on stipulations submitted by the parties. The parties stipulated to the following: the amount of their respective child support obligations pursuant to the worksheet found at R.C. 3113.215(E); the shared parenting schedule; and, that appellant would be responsible for paying for all daycare expenses.
[2] In view of the fact that appellant has possession of his children on Monday, Tuesday, Thursday and Friday from 7:30 a.m. until 5:30 p.m., on Wednesday from 7:30 a.m. until 7:30 p.m. and every other weekend, this court fails to see the logic behind the magistrate's position that a deviation from appellant's statutory child support obligation is necessary because of the amount of time the mother spends with the children.
[3] Contrary to the trial court's assertion in its judgment entry that "it would be unjust and/or inappropriate and not in the children'[s] best interest to apply the Luke rationale to this case", we would note that the trial court, in fact, acted in accordance with our holding in Luke.
The only requirement of Luke is that under a shared parenting plan, the trial court offset the parents' child support obligations, one against the other, before deviating from the statutory guidelines for determining a parent's child support obligations. Luke, supra, unreported, at 4. In the case sub judice, it appears that the trial court performed the offset required by Luke prior to ordering a deviation in appellant's child support obligation pursuant to R.C. 3113.215(B)(3)(g).